UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| AMBER DUPONT | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00229-JAW |
| | ) | |
| WAL-MART STORES, INC., *et al.*, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS
PURSUANT TO RULE 37(b) AND RULE 41(b)**

Amber Dupont, a former resident of Hampden, Maine, now living in Silsbee, Texas, sued Wal-Mart and three of its employees in Maine state court for alleged employment discrimination and associated state torts that culminated in her October 2008 termination from Wal-Mart. Dupont was represented by counsel when she filed suit on April 14, 2010. She alleged in her complaint that she had completed the administrative process and obtained a right to sue letter from the Maine Human Rights Commission. Wal-Mart removed the action to this court. A scheduling order issued from this court, setting a January 21, 2011, discovery deadline. After the scheduling order issued, problems arose. I first became aware of those problems on November 2, 2010, when Dupont's counsel filed a motion to withdraw. (Doc. No. 20.)

The motion to withdraw alleged that Dupont had "failed or refused to cooperate and communicate with counsel." Apparently, discovery responses were due and counsel was unable to obtain Dupont's cooperation. I did not immediately grant the motion. Instead, I noticed it for hearing on November 10, 2010, and ordered Dupont to appear in person for the hearing, or in the alternative, enter her written pro se appearance in the case (or that of substitute counsel). (Doc.

No. 21.) At that time I warned Dupont that her case could be dismissed if she failed to respond to my order.

Dupont did not appear for the scheduled hearing, in spite of her then counsel's assurances that he had provided her notice and a copy of my order. Following hearing, I granted the motion to withdraw, extended the discovery deadlines in the scheduling order, and again warned Dupont that her failure to respond could result in the imposition of sanctions, "up to and including dismissal of the action for failure to respond to [defendant's] discovery requests." (Doc. No. 24.) On January 4, 2011, Wal-Mart filed the current motion to dismiss (Doc. No. 28), alleging that Dupont has failed to respond to discovery requests, failed to file a pro se appearance with this court, and has not contacted defendant's counsel to request an extension or otherwise discuss the case. Counsel indicated that Dupont was served with a copy of the motion to dismiss at the mailing address in Silsbee, Texas, provided to the court by Dupont's former counsel. Dupont has not responded to the motion.

In my view, this case must be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Dupont has failed to prosecute her action, failed to comply with a court order, and has failed to comply with court discovery rules. In making this determination, I recognize that the First Circuit requires that I "must fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits," Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007), and "procedural aspects such as notice," Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006). In the present case, Dupont has been given abundant notice and opportunity to be heard and has turned her back to the court. While deciding cases on the merits is, of course, the favored avenue, Dupont simply made it impossible for this court to reach the

merits of her claim. I recommend that the court grant the defendant's motion to dismiss for failure to prosecute and dismiss the case pursuant to Rule 37(b) and Rule 41(b).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 28, 2011